# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VIOLA KUMARITAKIS,                    )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        C.A. No.: N19C-10-177 FAR
                                      )
ASTRAZENECA                           )
PHARMACEUTICALS, LP                   )
                                      )
        Defendant.                    )

## ORDER

This 2nd day of March, 2020, upon consideration of Defendant AstraZeneca Pharmaceutical's ("Defendant") Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6),[1] Plaintiff Viola Kumaritakis' ("Plaintiff") Response,[2] Defendant's Reply thereto,[3] and oral argument from both sides, it appears to the Court that:

1. Farxiga is a prescription medication designed to treat patients with type-2 diabetes. On January 8, 2014, the United States Federal Drug Administration ("FDA") approved Farxiga for the treatment of type 2 diabetes. Farxiga is owned, manufactured, and sold by Defendant.

2. In October 2017, Plaintiff was prescribed Farxiga by her doctor to treat her type-2 diabetes. Plaintiff took Farxiga as prescribed until May of 2019.

---

[1] Trans. ID 64516117.
[2] Trans. ID 64615993.
[3] Trans. ID 64660622.

3. On October 22, 2019, Plaintiff filed a Complaint[4] against Defendant, alleging that Plaintiff suffered personal injury as a direct and proximate cause of taking Farxiga.

4. On November 27, 2019, Plaintiff filed an Amended Complaint[5] in response to Defendant's Motion to Dismiss the Original Complaint[6] for failure to state a claim, pursuant to Delaware Superior Court Civil Rule 12(b)(6) ("Rule 12(b)(6)"). Plaintiff's Amended Complaint raises three counts: negligence, strict product liability for failure to warn, and punitive damages.[7]

5. On December 11, 2019, Defendant filed this Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[8] The Motion contends that Plaintiff's strict product liability claim for failure to warn fails because Farxiga's FDA-approved warnings were adequate as a matter of law, pursuant to Section 82.007 of the Texas Practice and Remedies Code ("§82.007).[9]

6. The Motion also asserts that Plaintiff's negligence claim fails under §82.007 to the extent that it advances theories of negligence for failure to warn. To the extent Plaintiff's negligence claim is based on a defective design theory,

---

[4] Trans. ID 64340178.
[5] Trans. ID 64472365.
[6] Trans. ID 64453532.
[7] Trans. ID 64472365 at 9.
[8] Trans. ID 64516117
[9] The parties stipulated that Texas state law applies in this Delaware action because both the alleged breach of duty and the injuries suffered by the Plaintiff occurred in Texas.

Defendant argues that Farxiga is not unreasonably dangerous as a matter of law and a safer-alternative requirement is preempted by federal law.

7. Additionally, Defendant argues that Plaintiff's claim for punitive damages should be dismissed because Plaintiff is not entitled to actual damages, which is a prerequisite to punitive damages.

## Failure to Warn Claims

8. Texas state law, §82.007(a), creates a rebuttable presumption in any "product liability action that alleges that an injury was caused by a failure to provide adequate warnings" that a prescription drug label is adequate as a matter law if it has been approved by the FDA. To rebut this presumption, a plaintiff must assert that at least one of five exceptions under §82.007(b) exists:

> (1) the defendant, before or after pre-market approval or licensing of the product, withheld from or misrepresented to the United States Food and Drug Administration required information that was material and relevant to the performance of the product and was causally related to the claimant's injury;
> (2) the pharmaceutical product was sold or prescribed in the United States by the defendant after the effective date of an order of the United States Food and Drug Administration to remove the product from the market or to withdraw its approval of the product;
> (3)(A) the defendant recommended, promoted, or advertised the pharmaceutical product for an indication not approved by the United States Food and Drug Administration;
> (B) the product was used as recommended, promoted, or advertised; and
> (C) the claimant's injury was causally related to the recommended, promoted, or advertised use of the product;

(4)(A) the defendant prescribed the pharmaceutical product for an indication not approved by the United States Food and Drug Administration;

(B) the product was used as prescribed; and

(C) the claimant's injury was causally related to the prescribed use of the product; or

(5) the defendant, before or after pre-market approval or licensing of the product, engaged in conduct that would constitute a violation of 18 U.S.C. Section 201 and that conduct caused the warnings or instructions approved for the product by the United States Food and Drug Administration to be inadequate.[10]

9. Plaintiff has not advanced any arguments that any of the §82.007(b) exceptions apply, and has explicitly stated that she is not alleging that Defendant misrepresented or withheld information from the FDA such that §82.007(b)(1) would apply.

10. Plaintiff, instead, cites Second and Third Circuit cases that have found that the §82.007(b)(1) exception is not preempted by federal law to suggest that the §82.007(a) presumption does not apply to her claims.[11] However, in those federal cases, upon finding that §82.007(b)(1) is not preempted, the courts proceed to apply §82.007 in its entirety to the plaintiff's claims. This argument is of no consequence here, where Plaintiff does not argue that any of the exceptions apply, and has explicitly denied that her claims satisfy the §82.007(b)(1) exception.

---

[10] Tex. Civ. Prac. & Rem. Code Ann. § 82.007(b).
[11] *Tigert v. Ranbaxy Pharmaceuticals, Inc.*, 2012 WL 6595806 (D. NJ Dec. 18, 2012) ("Therefore, the Court finds that § 82.007(b) (1) is not preempted by federal law").

4

11. Pursuant to §82.007(a), the Court finds that Defendant is entitled to a presumption that the warnings on the Farxiga label were adequate because the label was FDA approved. Further, Plaintiff has failed to rebut the presumption by pleading that any §82.007(b) exceptions exist. Therefore, Plaintiff's strict product liability claim for failure to warn, and her negligence claim under a failure to warn theory, are dismissed for failure to state a claim upon which relief can be granted.[12]

## Defective Design Claims

12. Under Texas law, Plaintiff's design defect claim requires her to prove that Farxiga was defectively designed so as to render it unreasonably dangerous, (2) a safer alternative design exists, and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.[13] Texas state courts apply comment k of Section 402A of the Second Restatement of Torts which states that a drug that is "properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous."[14]

13. Plaintiff does not argue that Farxiga was improperly prepared. Plaintiff's theory of design defect liability is that the Farxiga is unreasonably dangerous because its label does not warn of the risk of causing Plaintiff's injuries. Therefore,

---

[12] *See, e.g., Quintanilla v. Bristol-Myers Squibb Co.*, No. 2:16-CV-172 (S.D. Tex. Oct. 25, 2016) (finding that Section 82.007 bars claims concerning the adequacy of Farxiga's label as a matter of law and dismissing complaint with prejudice).

[13] *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)

[14] Restatement (Second) of Torts § 402A cmt. k (Am. Law Inst. 1965).

Plaintiff's defective design claim is, again, a re-configured failure to warn claim subject to §82.007.[15] Because Plaintiff has not pleaded facts to rebut the adequate warning presumption, Defendant is entitled to that presumption and dismissal of Plaintiff's design defect claim that Farxiga was unreasonably dangerous because of its inadequate warnings.

14. In addition, the Court finds that the other element for a design defect claim—that a safer alternative design exists—is preempted by federal law. A claim is preempted under the doctrine of conflict preemption if it is impossible for the defendant to comply with both state and federal law.[16] Under federal FDA regulations, "once a drug ... is approved, the manufacturer is prohibited from making any major changes to the "qualitative or quantitative formulation of the drug product, including inactive ingredients, or in the specifications provided in the approved application."[17] To establish that a safer alternative design exists would implicate a state law duty to change the design of Farxiga. However, federal law prohibits Defendant from changing the design of Farxiga in a meaningful way without prior FDA approval. Thus, Texas law is preempted to the extent it requires Defendant to unilaterally redesign Farxiga in a way that federal law forbids.

---

[15] Tex. Civ. Prac. & Rem. Code Ann § 82.001(2) ("Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories").

[16] *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299–300 (1988).

[17] *Yates v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 808 F.3d 281, 298 (6th Cir. 2015).

6

15. Plaintiff's failure to test theory of design defect liability is merely conclusory, and inadequately plead, because Plaintiff does not allege any facts to support this theory of liability. Therefore, Plaintiff's failure to test claim is hereby dismissed.

## Punitive Damages Claim

16. Because the Court finds that Plaintiff is not entitled to actual damages on any of her claims, Plaintiff's claim for punitive damages is necessarily dismissed for failure to meet the prerequisite award of actual damages.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are hereby **DISMISSED** with prejudice[18] for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

Cc:  Raeann Warner. Esq., Jacobs and Crumplar, P.A., Wilmington, DE
     Michael Kelly, Esq., McCarter & English, LLP, Wilmington, DE

---

[18] Plaintiff has been granted an opportunity to amend its complaint once before in response to Defendant's previous motion to dismiss. The Court is dismissing this case with prejudice because the Plaintiff, despite the opportunity to do so, has been unable to circumvent a Texas statute that controls the outcome of this case. *Price v. E.I. DuPont DeNemours & Co.*, 26 A.3d 162, 166 (Del.2011)("A motion for leave to amend a complaint is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim").

7